## COLGATE v. JAMES T. WHITE & CO.

(Circuit Court, S. D. New York. February 27, 1909.)

INJUNCTION (§ 136*)—PRELIMINARY INJUNCTION—GROUNDS.

Where, in a suit to restrain defendant from publishing plaintiff's portrait, or his biography so far as based on information obtained from him, and from enforcing a subscription contract, it appeared that, if an injunction was not issued, complainant might suffer the very injury of which he complained before the cause could be heard, and defendant would suffer no especial harm, an injunction pendente lite would be granted on the execution of a proper bond.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

In Equity. On application for preliminary injunction.

Hawkins & Delafield, for complainant.
Philip J. McCook, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

NOYES, Circuit Judge. While there is much doubt about the questions discussed in the briefs, I am inclined to the opinion that the complainant presents a case calling for the preservation, so far as practicable, of the status quo of the parties pending the litigation. If an injunction is not issued, the complainant may suffer the very injury of which he complains before the cause can be heard. 'If it is issued, the defendant will suffer no especial harm, and for any possible injury should be protected by a bond.

Upon filing a proper and sufficient bond, therefore, an injunction may be issued restraining the defendants pendente lite from publishing the complainant's portrait, or his biography so far as the same may be based upon information obtained from him, and from enforcing the subscription contract. If the parties cannot agree as to the amount, form, and sufficiency of the bond, the matter may be presented to the court upon affidavit.